IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:22-CV-01001 |
| TIKTOK INC. and | § | |
| META PLATFORMS, INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Meta respectfully informs the Court that another court in the Eastern District of Texas has denied a motion to remand in a parallel Chapter 143A lawsuit against Meta in which Plaintiff is acting as counsel to the Texas Nationalist Movement ("TNM").[1] Given this development—and given Plaintiff's recent dismissal of his claims against TikTok—Meta respectfully submits that there are no conceivable remaining barriers to deciding Meta's fully briefed motion to transfer the claims against it. Transfer will also prevent further procedural maneuvering by Plaintiff, a risk illustrated by two recent incidents in the parallel Chapter 143A litigation.

<u>First</u>, after TNM sued Meta in Texas in violation of a forum-selection clause, Meta promptly removed the matter to federal court and sought transfer.[2] TNM opposed transfer, but indicated that it did not plan to seek remand.[3] Several weeks later, however, TNM sought remand anyway,

---

[1]  Meta Ex. 1, *TNM v. Meta Platforms, Inc.*, No. 22-cv-572, Dkt. 37 (E.D. Tex.) (Truncale, J.).

[2]  *TNM v. Meta Platforms, Inc.*, No. 22-cv-572, Dkts. 1, 7 (E.D. Tex.).

[3]  *TNM v. Meta Platforms, Inc.*, No. 22-cv-572, Dkt. 13 ¶2 (E.D. Tex.).

forcing Meta to file a 23-page opposition.[4]  Yet TNM *again* changed course on reply and decided to "stipulate that the amount in controversy is satisfied for diversity jurisdiction"—ostensibly "in light of [Judge Truncale's] comments during the Rule 16 conference that this case will likely be 'expensive.'"[5]  Those comments—and Judge Truncale's ensuing denial of remand—are worth considering here as this Court assesses the amount in controversy in this parallel lawsuit that raises similarly complex legal issues.  *E.g.*, ECF 24 ¶8 (Plaintiff claims that the "issues in this case are nearly identical to the issues in the TNM Case").  But TNM *also* indicated its desire to avoid "poor precedent" on "federal question jurisdiction."[6]  In other words, TNM came full circle on the remand issue that it had previously disclaimed, but only after manufacturing a distraction to perpetuate its ongoing violation of Meta's contractual rights.

Second, during this delay, TNM made representations that contradict the representations that its counsel has made as Plaintiff in this litigation.  Recall, for example, that Plaintiff has said that attorney's fees in this case will be minimal because he "need[] do little more than simply cut and paste the legal arguments he has *already* prepared for [the TNM] case" and can "simply *regurgitate* th[at] research and analysis."  ECF 24 ¶8 (emphases added).  That one-directional borrowing was not quite what TNM told Judge Truncale during the remand detour:  TNM instead promised to keep fees low by having counsel "*split* his time between the two cases."[7]  This case will require more work—and independent work at that—than Plaintiff initially indicated.

---

[4]  *TNM v. Meta Platforms, Inc.*, No. 22-cv-572, Dkts. 29, 32 (E.D. Tex.).

[5]  Meta Ex. 2, *TNM v. Meta Platforms, Inc.*, No. 22-cv-572, Dkt. 35 ¶4 (E.D. Tex.).

[6]  Meta Ex. 2, *TNM v. Meta Platforms, Inc.*, No. 22-cv-572, Dkt. 35 ¶¶5-6 (E.D. Tex.).

[7]  *TNM v. Meta Platforms, Inc.*, No. 22-cv-572, Dkt. 29 ¶¶4, 28 (E.D. Tex.) (emphasis added).

Dated: March 13, 2023                                Respectfully submitted,

*/s/ Taj J. Clayton, P.C.*

Taj J. Clayton, P.C.
State Bar No. 24050427
Lead Attorney
**KIRKLAND & ELLIS LLP**
taj.clayton@kirkland.com
4550 Travis Street
Dallas, Texas 75205
Telephone: 214-972-1757
Facsimile: 214-972-1771

Philip M. Cooper*
State Bar No. 24105621
**KIRKLAND & ELLIS LLP**
philip.cooper@kirkland.com
300 N. LaSalle St.
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

**pro hac vice*

*Attorneys for Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF filing system on this 13th day of March, 2023. Pursuant to Local Rule CV-5(a)(9), paper copies are being sent to Chambers.

*/s/ Taj. J. Clayton, P.C.*
Taj J. Clayton, P.C.